## Oppler v. Oppler

*Liddell & Liddell,* for libellant.

MARSHALL, J., January 11, 1945.—In considering the question of the right of the libellant to bring suit as an alien, we wish to discuss the reasons on which we are granting a decree.

In 2 Freedman on Marriage and Divorce in Pennsylvania, §509, it is said:

"The common law rule became established in England that in the absence of a special statute to the contrary, aliens, who are subjects of an enemy country but peaceably residing in the state of the forum, may institute or continue to prosecute civil actions in time of war. In the leading American case, Chancellor Kent said: 'Until such order (of expulsion), the law grants permission to the alien to remain, though his sovereign be at war with us. A lawful residence implies protection, and a capacity to sue and be sued. A contrary doctrine would be repugnant to sound policy, no less than to justice and humanity. . . . And it has now become the sense and practice of nations, and may be regarded as the public law of Europe . . . that the subjects of the enemy . . . so long as they are permitted

to remain in the country, are to be protected in their persons and property, and to be allowed to sue as well as to be sued.' " ·

This is the rule in the United States, and has not been changed by the Trading with the Enemy Acts or the Alien Enemy Acts, so far as the President has, thus far, made proclamation thereunder. See proclamation of December 9, 1941.

See also, statement of Attorney General Biddle, January 31, 1942, pointing out that the President has not yet issued a proclamation under the powers conferred by section 2(c) of the Trading with the Enemy Act, which would include within the term "enemy", native citizens or subjects of any nation with which the United States is at war, even though such individual or class of individuals may be resident in the United States and that, accordingly, such persons who are resident in the United States, are not, at the present time, precluded, by Federal statute or regulation, from suing in the Federal or State courts.

The case of Brand v. Brand is very similar to the present case. In Brand v. Brand, 27 Dist. R. 999, the libellant was born in Germany. Her residence in Philadelphia was bona fide for over one year.

The case is that of an alien enemy of the United States, seeking the aid of our courts to obtain a divorce from her husband, who is an alien enemy. The court says:

"The question is whether or not the subject of a country at war with the United States can invoke the aid of our courts to prosecute an action."

The opinion then cites authorities and concludes that the libellant, resident in Pennsylvania, is under the protection of our law and entitled to the relief of our courts in the matter of obtaining a divorce from her husband.

An alien lawfully residing in the United States, though a national or subject of a country with which

the United States is at war, is not precluded from access to our courts while habitation continues. There is no reason to stay action instituted by resident enemy subjects. Petition of Bernheimer et al., 130 F.(2d) 396, reviewing Bernheimer et al. v. Vurpillot, 42 F. Supp. 830 (U. S. Dist. Ct. E. D. Pa. 1942).

On the question as to the jurisdiction of the court to grant a decree where the respondent is in a foreign country, we find that the early cases in Pennsylvania held that under the law prior to 1913, the courts had no jurisdiction to decree a divorce where the cause of divorce arose outside the State, while the parties were domiciled in another jurisdiction, and the respondent never being a resident of the State, had neither appeared nor been served with notice in the State. This situation in the law was changed by the Act of May 9, 1913, P. L. 191, and by the subsequent acts, and the present law as to jurisdiction is set forth in 23 PS §15, which sets forth that the courts of Pennsylvania have power to grant divorces notwithstanding the fact that the marriage of the parties and the cause for divorce occurred outside the Commonwealth, and that both parties were at the time of the occurrence of said cause, domiciled outside the Commonwealth, and that the respondent has been served with the subpœna only by publication. Since 1913, various cases have decided that notice by publication is sufficient, even though no other notice has been given where the respondent is outside of Pennsylvania, and this also includes respondents located in foreign countries. The only requirement of the statute is that the libellant be a resident of Pennsylvania for one year immediately prior to filing of the divorce action. Rule No. 90 of Allegheny County Common Pleas Court does provide, however, that in all cases where the residence or last known address of the respondent is in a foreign country, notice of the filing of the libel shall be served upon or sent by registered

mail to the nearest consular representative of that country, with a copy of the libel, and all available information. Inasmuch as this is only a rule of court, and not a requirement of the statute, the rule can be waived by the court.

We have also taken into consideration that the respondent left the libellant in. October 1939, according to the testimony, and apparently has made no effort to locate her husband since that time.